Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT

### for the

Middle District of Florida

Ft. Meyers Division

Case No. 2:23CV416 JLB KED

*(to be filled in by the Clerk's Office)*

EDDIE JAMES MOULTRIE

)
)
)
)
)
)
)
)
)
)
)
)
)

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)*

-v-

LIEUTENANT G. EDWARDS

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names. Do not include addresses here.)*

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
### (Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

## I.   The Parties to This Complaint

### A.   The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Eddie James Moultrie |
| All other names by which you have been known: | |
| ID Number | J54553 |
| Current Institution | Charlotte Correctional Institution |
| Address | 33123 Oil Well Road |
| | Punta Gorda        FL        33955-9701 |
| | City        State        Zip Code |

### B.   The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

**Defendant No. 1**

| | |
|---|---|
| Name | G. Edwards |
| Job or Title *(if known)* | Correctional Officer/rank: Lietenant |
| Shield Number | |
| Employer | Charlotte Correctional Institution |
| Address | 33123 Oil Well Road |
| | Punta Gorda        FL        33955-9701 |
| | City        State        Zip Code |

☑ Individual capacity   ☐ Official capacity

**Defendant No. 2**

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Shield Number | |
| Employer | |
| Address | |
| | City        State        Zip Code |

☐ Individual capacity   ☐ Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

**Defendant No. 3**

    Name                 _____

    Job or Title *(if known)*   _____

    Shield Number       _____

    Employer           _____

    Address            _____

                       _____

                       *City*         *State*      *Zip Code*

    ☐ Individual capacity     ☐ Official capacity

**Defendant No. 4**

    Name                 _____

    Job or Title *(if known)*   _____

    Shield Number       _____

    Employer           _____

    Address            _____

                       _____

                       *City*         *State*      *Zip Code*

    ☐ Individual capacity     ☐ Official capacity

## II.   Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.  Are you bringing suit against *(check all that apply)*:

    ☐ Federal officials (a *Bivens* claim)

    ☑ State or local officials (a § 1983 claim)

B.  Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

1. First Amendment retaliation for free speech

2. Eighth Amendment right to be free from unnecessary cruel and unusual punishment

C.  Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.   Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983.  If you are suing under section 1983, explain how each defendant acted under color of state or local law.  If you are suing under *Bivens*, explain how each defendant acted under color of federal law.  Attach additional pages if needed.

1. As a prison official the First Amendment forbids the Defendant from retailicting against me for filing legimate grievances to obtain adequate cleaning supplies we're being denied.

2. My Eighth Amendment rights was violated by Defendant using illegimate means to justify his wrongful taking of my state property depriving me of sleep causing me physical and mental pain and suffering.

## III.   Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐   Pretrial detainee

☐   Civilly committed detainee

☐   Immigration detainee

☑   Convicted and sentenced state prisoner

☐   Convicted and sentenced federal prisoner

☐   Other *(explain)*

## IV.   Statement of Claim

State as briefly as possible the facts of your case.  Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.   If the events giving rise to your claim arose outside an institution, describe where and when they arose.

B.   If the events giving rise to your claim arose in an institution, describe where and when they arose.

Charlotte Corr. Inst. Punta Gorda, Florida; Main Unit F-Dorm cell 3103

C.    **What date and approximate time did the events giving rise to your claim(s) occur?**

On 9-15-2022 through October 03, 2022

D.    **What are the facts underlying your claim(s)?** *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

please see attached pages 5(b)-(g)

## V.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

I still experience pain in my lower back and hips for being without a cushion to rest on for such an extended period of time which pain-relieving cream is periodically applied to those areas and I take pain-relieving pills often. I never sought medical assistance because the remedies they would of provided is less expensive if I buy it from other prisoners. The negative mental effects of being deprived sleep for so long causes me to sometimes hallucinate seeing and hearing things im told is not real. It is said that I often confuse my daydreams with reality and paranoid to the point that I must be housed alone. I now must take psychotropical medication daily or i'll decompensate and become unable to function rationally or think logically and coherently posing a security issue.

## VI.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

please see attached page 5(h) of 11

IV. Statement of Claim

D.

   On or about 7/22/2022 my then cellmate and I were rehoused from A-Dorm to F-Dorm cell 3103. Upon entering the cell I noticed how filthy it was and requested some cleaning supplies or at bare minimum for the cell to be swept out before being secured behind the door. Security replied they would do so whenever they get time and if not cell clean-ups are on Sundays. Security never got around to it and I did not make a fuss about. Instead I used my shower slides to sweep the floor and one clean sock to wipe the cell down as best as I could using body soap and toothpaste.

   On 8/28/2022 I initiated the grievance procedures complaining about staffs failure to provide adequate cleaning supplies and when they did if they did it would be some diluted cleaning chemicals, a dustpan and a dry-rotted miniature broom. On 9/06/2022 Defendant Edwards who was the dorm supervisor approved the grievance stating that: staff will be advised to give all inmates the opportunity to clean there cell with a "broom and mop" emphasis added. See, Ex. 1 informal grievance attached.

   On 9/08/2022 due to inmates flushing objects down the toilet, the flood drains became backed up and contaminated water back-flowed in several of the cells on the bottom tier. My cell which was about five feet away from one of the drains was one of those affected. Security did not supply and cleaning supplies in its entirety prompting me to file another grievance which was answered and denied by the

plumber. See, Ex. 2 informal grievance attached.

On 9/11/2022 which was the next designated cell clean-up day I filed another grievance which too was approved by Defendant Edwards. See, Ex. 3 informal grievance attached.

On 9/15/2022 while I was alone in my cell and my new cellmate was at outside recreation Sgt. Randant (then officer) appeared and asked me to submit to hand-restraints for a random cell search. Not only did I know Sgt. Randant from another Institution, I also know of his propensity for dishonesty and unethical behavior, in so I refused to cuff up where then Defendant Edwards and additional staff was called. Only then did I cuff up and as soon as I was secured in the shower for a strip search security begun tossing out all of our state property. After searching the cell Sgt. Randant asked me who the extra bed sheet belonged to where I admitted it was mines. I asked why they were taking all of our state property and Defendant Edwards answered: "because of the extra sheet." I asked him why they were taking my cellmates state property and he responded: "because he was in the cell with me". When I returned to my cell I seen they scattered all of my paperwork along the back of the cell. During lunch Sgt. Randant brought me a nutra-loaf for meal management and said Defendant Edwards ordered it for the sugar pack I had on my bunk. Sgt. Randant then admitted: " that because I wanted to file grievances complaining about not being provided adequate cleaning supplies to clean my cell Defendant Edwards ordered him to clean it for me.

I grieved the incident which was recieved and denied by

Defendant Edwards who asserted that I was placed on property restriction due to me not following orders to remove the state issued sheet from my cell window which was untrue. He also stated that I was placed on meal management for all the access state food found on my bunk. See Ex. 4 informal grievance attached. I also filed a seperate complaint directly against Defendant Edwards which he recieved and responded again falsely stating that I had a sheet hanging on my window and falsely creating another factor of having a ripped up state issued blanket in my cell. See, Ex. 5 informal grievance attached.

On 9/19/2022 security brought my cellmate all of his state property and told me Defendant Edwards said he was going to bring mines himself. I frequently asked Defendant Edwards about my state property whenever I saw him and he always responded: "he hasn't had the chance to get around to it but he will."

On 9/26/2022 I filed another grievance against Defendant Edwards in part for using his position of authority to impede the return of my state property and also made reference to me being on meal management though it only lasted two meals due to Defendant Edwards not obtaining all the required authorization. The grievance response stated per the DC6-229, Daily Record of Special Housing: all personal and state property was returned within seventy-two hours and I was never on meal management proving documents were falsified. See, Ex. 6 informal grievance. Also on this day I recieved a disciplinary report authorized by Defendant Edwards

written on 9/24/2022 for failure to make my bunk which was impossible for I had no bunk/mattress to make. See, Ex. 7, DR# 510-221820 attached.

On 10/04/2022 I requested video retention to show I finally provided a mattress on 10/03/2022. Defendant Edwards responded stating: "the mattress was placed in my cell for the one that was ripped" which was completely untrue. See, Ex. 8 informal grievance attached.

On appeal of Ex. 4 the Institution responded stating that Sgt. Rendant was interviewed on the allegation of my personal property being left in disarray and was advised: "all of my personal and state property was placed back in its original form prior to him exiting my cell". See Ex. 9 formal grievance attached. My appeal to the Bureau of Inmate Appeal was too denied. See, Ex. 10 formal grievance attached.

In the appeal of Ex. 6 I again requested video evidence to substaniate my claim that on 10/03/2022 eighteen days later I was finally provided a mattress and to refute the unlawful writing of the disciplinary report. In its disposition the Institution stated: "a mattress was placed in my cell on the date "I" said that it was ripped," which was an outright false statement. It also stated the Office of the Inspector General was forwarded a copy of the grievance approved for investigative purposes only. See, Ex. 11 formal grievance attached.

In the appeal of Ex. 8 the Institution now claimed that after

the seventy-two hour property restriction period a mattress was provided but I "refused it." Which of course never happened. See, Ex. 13 formal grievance. Ex. 14 attached was the Bureau of Inmate Appeals final denial of the incident. After careful assessment of the responses in all of the attached exhibits it shall be evident by its many contradictions and faulty responses that the Defendant Edwards who was motivated by retaliction because I filed legitimate grievances complaining about the unsanitary conditions of confinement unlawfully deprived me of all my state property particularly my mattress and pillow to intentionally cause me unnecessary physical pain and mental suffering then in his attempt to cover-up his unlawful actions he intentionally falsified department records. See, Ex. 11 and Ex. 13.

Though I was already classified with a S-3 pysch grade taking medication for personality disorder not being able to sleep for days almost a whole week straight had a severe negative impact on my mental health. Im said to occasionally function in an irrational, illogical and incoherent manner becoming delirious and delusional at times having periods of pyschotic episodes. I know have to take anti-pyschotic medication daily to manage by bouts with hearing and seeing unreal entities.

What first started out as extremely uncomfortable experience being without a mattress gradually grew into a very painful sensation in my lower back that I still suffer from today. As I stated in Ex. 13, I did not go to medical because the only remedy they would have provided I

What first started out as an extremely uncomfortable experience being without a mattress, gradually grew into a very painful sensation that I still suffer from today in my lower back and hips. As stated in Ex. 13 I didn't go to medical because the only remedy they would have provided i'm able to purchase from other prisoners quickly at a greater discount.

Soon after the Office of Inspector General reviewed and investigated my complaint the Defendant was assigned another post but physically and mentally the after-effects of his malicious actions still plague me today.

VI. Relief

In form of relief I respectfully ask that the Court award me nominal, compensatory and punctive damages in monetary form against the Defendant who as the evidence shall demonstrate acted maliciously and sadistically when he retaliated against me for exercising my right to free speech by filing legitimate grievances concerning the conditions of my imprisonment intentionally causing me physical pain and suffering, and enhancing issues with my mental health.

For the retaliation of exercising my First Amendment Right to Free Speech I seek nominal damages in the amount awarded at the Courts discretion. In compensatory damages I seek reimbursement for the filing of this legitimate civil complaint ($402.⁰⁰), copy and mailing expenses ($30.⁰⁰). For the physical pain and severe mental suffering which is inestimatable and further deprivation to my quality of life in an already oppressive setting I seek ($35.⁰⁰) per eighteen days I was deprived of my state issued property without legitimate reasons totaling an estimate of ($1962.⁰⁰) in compensatory damages.

Because the evidence in the record attached as exhibits shall clearly demonstrate that the Defendant who was motivated by evil nature of retaliation with a wanton state of mind intentionally used unlawful tactics to punish me for filing legitimate grievances causing me unnecessary physical pain and issues with my mental health then violated professional rules of conduct by intentionally falsifying reports and providing untruthful information for the Departments record I seek ($5,886) in punative damages which is three times the amount in compensatory damages for the full amount of: $7,848.⁰⁰ (not including nominal damages and attorney fees).

**VII.    Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Charlotte Correctional Institution

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☐ No

☑ Do not know

If yes, which claim(s)?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.   Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E.   If you did file a grievance:

1.   Where did you file the grievance?

Within Charlotte Correctional's grievance system

2.   What did you claim in your grievance?
That the Defendant violated my First Amendment right to Free Speech by retaliating against me for filing legitimate grievances and in the process violated my Eighth Amendment right to be free from cruel and unusual punishment by intentionally causing me unnecessary physical pain and suffering and mental pain and suffering.

3.   What was the result, if any?
Besides grievance # 2210-510-051 (Ex. 11) being approved for investigative purposes only and Defendant's post being re-assigned im unaware of any reprimand to the Defendant.

4.   What steps, if any, did you take to appeal that decision?  Is the grievance process completed?  If not, explain why not.  *(Describe all efforts to appeal to the highest level of the grievance process.)*

I exhausted all administrative remedies set forth in R.33-103.005-.007, F.A.C

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F.    If you did not file a grievance:

1.    If there are any reasons why you did not file a grievance, state them here:

2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

please see attached Index to Plaintiff's Exhibits.

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this
      action?

☐ Yes

☑ No

B.    If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below.  *(If there is
      more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

   1.   Parties to the previous lawsuit
        Plaintiff(s)      EDDIE JAMES MOULTRIE
        Defendant(s)      CAPTAIN JAMES and OFFICER HANSEN

   2.   Court *(if federal court, name the district; if state court, name the county and State)*
        Middle Dist of Florida Jacksonville Division

   3.   Docket or index number
        3:23-cv-472-MMH-JBT

   4.   Name of Judge assigned to your case
        Honorable Marcia M. Howard and Joel B. Toomey

   5.   Approximate date of filing lawsuit
        April 26, 2023

   6.   Is the case still pending?

        ☑ Yes

        ☐ No

        If no, give the approximate date of disposition.    _____

   7.   What was the result of the case? *(For example:  Was the case dismissed?  Was judgment entered
        in your favor?  Was the case appealed?)*

        _____

C.    Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your
      imprisonment?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

[✓] Yes

[ ] No

D.    If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit

Plaintiff(s)    EDDIE JAMES MOULTRIE

Defendant(s)    RICKY DIXON, Secretary for Fla. Dept. of Corrections

2.   Court *(if federal court, name the district; if state court, name the county and State)*

Middle Dist. of Florida Jacksonville Division

3.   Docket or index number

3:20-cv-812-MMH-JBT

4.   Name of Judge assigned to your case

Honorable Marcia M. Howard and Joel B. Toomey

5.   Approximate date of filing lawsuit

July 20, 2020

6.   Is the case still pending?

[✓] Yes

[ ] No

If no, give the approximate date of disposition

7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

E.

1. Parties to the previous lawsuit
   Plaintiff(s) EDDIE JAMES MOULTRIE
   Defendant(s) UNKNOWN CORRECTIONAL OFFICERS at Columbia C.I

2. Court (if state court, name the county and State)
   Third Judicial Circuit for Columbia County, Florida

3. Docket or index number
   23-71-CA

4. Name of Judge assigned to your case
   Honorable Mark Feagle

5. Approximate date of filing lawsuit
   Febrary 27, 2023

6. Is the case still pending?
   yes

F.

1. Parties to the previous lawsuit
   Plaintiff(s) EDDIE JAMES MOULTRIE
   Defendant(s) RICKY DIXON, Secretary for Fla. Dept. of Corrections

2. Court (if state court, name the county and state)
   Second Judicial Circuit Court for Leon County, Florida

3. Docket or index number
   2023 CA 000432

4. Name of the Judge assigned to your case
   Honorable Angela Dempsey

5. Approximate date of filing lawsuit
   March 13, 2023

6. Is the case still pending?
   Yes

G.

1. Parties to the previous lawsuit
   Plaintiff(s) EDDIE JAMES MOULTRIE
   Defendant(s) RICKY DIXON, secretary for Fla. Dept. of Corrections

2. Court (if state court, name the county and state)
   Second Judicial for Leon County, Florida

3. Docket or index number
   2023 CA 000433

4. Name of Judge assigned to your case

5. Approximate date of filing lawsuit
   March 13, 2013

6 Is the case still pending
   yes

H.

1. Parties to the previous lawsuit
   Plaintiff(s) EDDIE JAMES MOULTRIE
   Defendant(s) J. UNRUH and H. PETE

page 10(c) of 11

2. Court (if federal court, name the district)
   Northern District of Florida, Pensacola Division

3. Docket or index number
   3:21-cv-249-LAC-ZCB

4. Name of Judge assigned to your case
   Honorable Lacey A. Collier and Zachary C. Bolitho

5. Approximate date of filing lawsuit
   February 24, 2022

6. Is the case still pending?
   No
   If no, give approximate date of disposition April 2023

7. What was the result of the case?
   voluntary dismissal

## IX.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:   6/11/2023

Signature of Plaintiff   _Eddie_

Printed Name of Plaintiff   Eddie James Moultrie

Prison Identification #   J54553

Prison Address   33123 Oil Well Road

Punta Gorda   FL   33955
City   State   Zip Code

### B.   For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

City   State   Zip Code

Telephone Number

E-mail Address