UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDDIE JAMES MOULTRIE,

    Plaintiff,

v.                                                  Case No.  2:23-cv-416-JLB-KCD

G. EDWARDS,

    Defendant.
_____/

## ORDER OF DISMISSAL

Before the Court is *pro se* Plaintiff Eddie James Moultrie's "Response, Notice and Request to the Court," which is liberally construed as a motion for reconsideration (or a motion seeking leave to file a motion for reconsideration) or alternative motion for immediate dismissal. (Doc. 24.) Upon review, reconsideration is unwarranted, and this action will be dismissed without prejudice.

## Background

On July 9, 2024, the Court granted Defendant Edwards's motion to dismiss Plaintiff's conditions-of-confinement claim as unexhausted and his retaliation claim for failure to state a claim on which relief could be granted. (Doc. 23.) The Court directed Plaintiff to file an amended complaint by August 1, 2024 if he wished to proceed. (Doc. 23.) The Court warned Plaintiff that the case would be closed if he did not file an amended complaint within the allotted time. (Id. at 24–25.)

Instead of filing an amended complaint, Plaintiff filed a "Response, Notice, and Request to the Court," asserting that he "will NOT be submitting an

AMENDED Complaint" because he believes the Court incorrectly granted Defendant Edwards's motion to dismiss.  (Doc. 24.)  He asserts that it is obvious that exhaustion was complete, that he has stated valid claims, and that—due to the Court's bias against him—the Court deliberately misconstrued his allegations.  (Id. at 1–2.)  He seeks either reconsideration of the order or an immediate dismissal so that he can file an appeal.  (Id. at 2.)

## Discussion

To the extent Plaintiff now seeks reconsideration of its July 9, 2024 Order, the motion is **DENIED**.  Rule 59(e) of the Federal Rules of Civil Procedure allows parties to move "to alter or amend a judgment" no later than twenty-eight days after entry of judgment.  However, a Rule 59(e) motion cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."  Michael Linet, Inc. v. Vill. of Wellington, 408 F.3d 757, 763 (11th Cir. 2005) (citations omitted).  In other words, Court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure."  Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D.Ill.1988)

Plaintiff has not shown any bases for reconsideration.  If he believes that the claims raised in the civil rights complaint were, in fact, exhausted and that the facts surrounding those claims supported a valid cause of action, he could have carefully reviewed the defendant's motion to dismiss as well as the portions of the Court's 25-page order on the motion thoroughly explaining the complaint's deficiencies.  And if

2

those deficiencies could be repaired (or his claims clarified so that the defense and the Court would not "misconstrue" them), he could have filed an amended complaint <u>as directed by the Court</u> instead of seeking reconsideration.

Nevertheless, the Court cannot force a plaintiff to litigate in district court if he does not wish to do so. Plaintiff had until August 1, 2024 to file an amended complaint. He has not done so and has clearly stated that he does not intend to do so. The deadline to file an amended pleading has expired. Plaintiff was cautioned that his failure to timely file an amended complaint would result in dismissal of the action without further notice. Therefore, with no operative complaint, the Court dismisses this case without prejudice.

Accordingly, it is **ORDERED**:

1. Plaintiff's construed motion to reconsider (Doc. 24) is **DENIED**. But to the extent Plaintiff seeks an order dismissing this action, the motion is **GRANTED**.
2. This case is **DISMISSED without prejudice**.
3. The Clerk is **DIRECTED** to enter judgment, deny any pending motions as moot, terminate any deadlines, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on August 8. 2024.

*[signature]*

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

3